ATKINSON v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Justice's Court**: WRIT OF ERROR: WHEN NOT PROPER REMEDY. A point of law involved in a cause before a justice of the peace cannot be reveiwed on writ of error unless it was in some proper way raised before the justice and ruled on by him. And when the question was as to the right of plaintiff to recover exemplary damages, as claimed by him in his petition, but no ruling on the point was asked or secured until after a verdict had been returned awarding such damages, it was then too late to raise the point; for the justice had no power to set the verdict aside or to arrest the judgment, (Code, § 3550; *Dupont v. Downing*, 6 Iowa, 173,) and he had no alternative but to render judgment on the verdict.

*Appeal from Humboldt Circuit Court.*

WEDNESDAY, OCTOBER 27.

PLAINTIFF instituted an action before a justice of the peace for the recovery of damages on account of the willful and

malicious killing of five turkeys by defendant's employes while engaged in the operation of one of its trains. He alleged that the value of said turkeys was five dollars; but, in addition to the actual damages sustained by him, he claimed nineteen dollars as exemplary damages. Defendant appeared before the justice, and filed an answer, which was a general denial of the allegations of the petition. There was a trial by jury, and a verdict was returned for plaintiff for twenty dollars, and the justice entered judgment for that amount. Defendant thereupon sued out a writ of error, and the case was removed to the circuit court, and upon the final submission in that court an order was entered affirming the judgment of the justice. Defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*C. A. Babcock*, for appellee.

REED, J.—The trial judge certified that the cause involved two questions of law upon which it is desirable to have the opinion of the supreme court.

The first question certified is as follows: "Did the circuit court err in holding that the writ of error must be dismissed because defendant had made no motion before the justice to strike from plaintiff's petition the claim for exemplary damages, and had not demurred to such claim for exemplary damages?" It is provided by section 3597 of the Code that any person aggrieved by an erroneous decision in a matter of law or other illegality in the proceedings of a justice of the peace may remove the same, or so much thereof as is necessary, into the circuit court for correction. The next seven sections prescribe the manner in which the removal may be effected, and the proceedings that may be had in the circuit court, and the remedy that may be afforded by that court. The proceedings in question were prosecuted under these provisions. The section quoted prescribes the grounds upon which the removal may be made, which are for erro-

neous decisions in matters of law or illegality in the proceedings of the justice. The matter complained of by defendant, as affording grounds for the removal, was that exemplary damages had been assessed against it, and included in the judgment. The petition of plaintiff, upon which the judgment was rendered, contains a distinct claim for damages of that character; but the question whether they could be awarded against defendant was not raised, as it might have been, by motion or demurrer, up to the time the parties entered upon the trial. Then the justice had made no decision upon the question; nor is it claimed that it was involved in any ruling made by him during the progress of the trial. He was not required to give any instructions to the jury on the question, and there is no claim that he did instruct them with reference to that or any other question involved in the case. It is clear, then, that up to the time the verdict was returned by the jury he had made no erroneous decision with reference to the question, for he had not been called upon to render any decision with reference to it. It is apparent from the amount of the verdict that the jury made an award of exemplary damages. Can it be said that the justice, in entering judgment on the verdict, determined that such damages could be assessed against defendant? We think not. He had no power to set the verdict aside or arrest the judgment. Code, § 3550; *Dupont v. Downing*, 6 Iowa, 173. When the verdict was returned, he had no discretion in the matter. He was required absolutely to enter judgment for the amount of the award. In entering the judgment he performed a mere clerical duty. We are of the opinion, therefore, that the first question should be answered in the negative.

The second question certified is as follows: "If said ruling was erroneous, [that is, the ruling on the first question,] is the plaintiff, on the allegations of the petition, entitled to exemplary damages?" It is apparent that this question could arise only in case it should be found that the ruling on

the former question was found to be erroneous. For, unless the justice made some decision on the question which afforded a ground for the removal of the cause into the circuit court, no other question involved in it could arise in that court. We therefore will not determine that question.

AFFIRMED.